**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | |
|---|---|
| BATTENFELD TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | Case No. 2:10-CV-04224-NKL |
| ) | |
| BIRCHWOOD LABORATORIES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**ORDER**

Before the Court is the Motion to Transfer or Dismiss [Doc. # 17] filed by Defendant Birchwood Laboratories, Inc. ("Birchwood").  For the following reasons, the Court grants the motion and transfers the case to the District of Minnesota.

**I.      Background**

Plaintiff Battenfeld Technologies, Inc. ("BTI"), is a Missouri corporation, and Defendant Birchwood is a Minnesota corporation.  Both parties are in the business of designing products for use in the sport-shooting industry.  One portion of the sport-shooting market involves the manufacture and sale of shooting targets that incorporate "flake-off technology."  Flake-off technology provides the shooting target with an outer ink layer which fractures when struck by a projectile, making more visually obvious the location of the impact site by exposing an underlying surface having a contrasting appearance. Defendant Birchwood markets at least three flake-off shooting targets: Shoot-N-C®, Dirty Bird®, and

Big Burst™. Plaintiff BTI markets flake-off shooting targets in direct competition with Birchwood's flake-off targets, including the Orange Peel®-brand animal, silhouette, sight-in, and bull's-eye targets.

Defendant Birchwood owns or licenses two U.S. patents titled "Reusable Projectile Impact Reflecting Target for Day or Night Use" issued to inventor A.W. Edwards in 1993 and 1996 ("the Edwards patents"). Birchwood has marked its Shoot-N-C, Big Burst, and Dirty Bird targets with the Edwards patent numbers and promoted those products as "patented." On December 15, 2009, Plaintiff BTI was issued U.S. Patent No. 7,631,877, titled "Firearm Targets and Methods for Manufacturing Firearm Targets" ("the '877 patent"). The '877 patent also asserts claims regarding shooting target flake-off technology, though not all of the features described in the '877 and Edwards patents are identical. [*See* Doc. # 30, Ex. 2 at 1-28.]

### A.   The Minnesota Action

On December 15, 2009 – the same day that BTI was issued the '877 patent – Birchwood filed suit against BTI in the District of Minnesota. In that ongoing litigation, Birchwood seeks a declaration that BTI's '877 patent is invalid and that Birchwood's products do not infringe that patent. Birchwood's Minnesota complaint alleges, inter alia, that BTI's patent filing identified Birchwood's Shoot-N-C and Dirty Bird targets as products infringing on the claims set forth in BTI's patent application. BTI filed a counterclaim in the Minnesota action accusing Birchwood's Shoot-N-C and Dirty Bird targets of infringing its

'877 patent. BTI also filed a motion to dismiss for lack of subject matter jurisdiction, which was denied by Chief Judge Michael Davis.

Most recently, on January 19, 2011, BTI filed a brief in the Minnesota District Court opposing Birchwood's motion to amend its complaint to add a claim for inequitable conduct. BTI first noted that "Birchwood's proposed inequitable conduct claim is premised on the clearly erroneous assertion that [BTI] failed to disclose to the Patent Office that a 'gaps' feature was present in the prior art." [Doc. # 31, Ex. 4 at 1.] BTI then argued :

> Courts have routinely rejected inequitable conduct claims based on alleged failure to disclose a prior art product where the related patent was disclosed to the Patent Office. That is precisely the case here: Battenfeld disclosed the Edwards patents that describe and depict the "gaps" feature.

*Id.* at 2. Chief Judge Davis ultimately granted Birchwood's motion to amend its complaint to add the claim of inequitable conduct.

### B. This Missouri Action

Plaintiff BTI filed this lawsuit against Birchwood in the Western District of Missouri in October of 2010. BTI's Complaint claims that Birchwood knows that its Shoot-N-C, Big Burst, and Dirty Bird targets do not meet the requirements of the Edwards patents that mark those products, thereby violating 35 U.S.C. § 292. For example, the Edwards patents refer to a target base having an outer surface with a target outline imprinted thereon. BTI contends that this required element is missing from Birchwood's products, and that Birchwood has continued to promote its products as patented anyway in a bad faith attempt to gain an unfair competitive advantage.

Plaintiff BTI's Complaint also asserts that Birchwood's association of its unpatented products with the phrase "patented" or with the Edwards patent markings constitutes a false or misleading representation of fact under the Lanham Act, 15 U.S.C. § 1125(a). Finally, BTI's Complaint asserts that Birchwood's association of its unpatented products with the phrase "patented" or with the Edwards patent markings constitutes a misrepresentation of the nature of its products under the Missouri common law doctrine of unfair competition.

In response, Defendant Birchwood filed this Motion to Transfer or Dismiss. Pursuant to 28 U.S.C. § 1404(a), Birchwood requests that this action be transferred to the District of Minnesota where overlapping patent litigation between the same parties is currently pending. Alternatively, Birchwood moves to dismiss BTI's claims for alleged defects in pleading.

## II.     Discussion

Section 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In addition to the interest of justice and the convenience of the parties and witnesses, "a motion to transfer under Section 1404(a) calls on the district court to weigh in the balance a number of case-specific factors." *Terra Int'l, Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 691 (8th Cir. 1997) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

### A.     Convenience of the Parties and Witnesses

Here, Plaintiff BTI is located in Missouri, while Defendant Birchwood is located in Minnesota. Witnesses will consist of employees from both companies. In general, BTI and

its employees would be inconvenienced by litigating in Minnesota, just as Birchwood and its employees would be inconvenienced by litigating in Missouri. However, regardless of how the Court rules on this motion, BTI must already appear in the Minnesota litigation between the same parties, involving similar patents, and about the same products. The additional inconvenience to BTI of litigating these claims in Minnesota is far less than the additional inconvenience to Birchwood of litigating in Missouri.

Beyond the convenience of the parties and the witnesses, the claims in this case all involve the false marking of shooting targets by Birchwood in Minnesota. Therefore, not only is Minnesota the central location where the conduct complained of occurred, but the relevant documents are also located primarily in Minnesota.

For these reasons, the convenience factors favor transfer to the District of Minnesota.

### B.   Interest of Justice Factors

In conducting the interest of justice analysis, courts often consider factors such as the plaintiff's choice of forum, the benefit of having a court sitting in the forum decide questions of local law, the comparative costs to the parties of litigating in each forum, and judicial economy. *Griggs v. Credit Solutions of America, Inc.*, 2010 WL 2653474, * 3 (E.D. Mo. 2010) (citing *Terra Int'l*, 119 F.3d at 696). In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer bears the burden of proving that a transfer is warranted. *Terra Int'l*, 119 F.3d at 695. Yet, as Justice Black has explained, Section 1404(a) was designed to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *Continental Grain Co. v. The*

*FBL-585*, 364 U.S. 19, 27 (1960).  The existence of multiple lawsuits involving overlapping issues is an important consideration when determining whether a transfer is in the interest of justice.  *See In re Volkswagen of America, Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) ("Although these cases may not involve precisely the same issues, there will be significant overlap and a familiarity with the patents could preserve time and resources.").

Here, deference to Plaintiff's choice of forum and the limited benefit of having a Missouri federal court interpret a Missouri common law claim premised on alleged false patent marking are outweighed by the inefficiencies of litigating overlapping disputes in two different venues at the same time.  Such duplicative litigation would lead to unnecessary expenses to the parties, the witnesses, and the taxpayer-funded federal courts.  In other words, this is precisely the type of inefficient litigation that Section 1404(a) was designed to prevent.

Plaintiff BTI responds that the Missouri action and the Minnesota action are not identical.  While the Edwards patents and the '877 patent do not list identical features, all three of them assert claims regarding flake-off technology for shooting targets.  In the Minnesota action, BTI's counterclaim alleges that Birchwood's flake-off shooting targets infringe the '877 patent.  In this action, BTI alleges that Birchwood's flake-off shooting targets do not comport with the Edwards patents.  The District of Minnesota's Chief Judge Davis has now ruled on at least two substantive motions, which have involved Birchwood's Edwards patents and BTI's '877 patent, as well as the technology incorporated in Birchwood's Shoot-N-C and Dirty Bird targets.  It would make little sense for the attorneys

here to expend the resources of their clients and the public to educate an additional court and an additional jury on the finer points of shooting target technology and patent law.

For the reasons stated above, Defendant Birchwood has met its burden of proving that this case should be transferred to the District of Minnesota. Therefore, it is unnecessary for the Court to consider Birchwood's alternative request to dismiss the lawsuit.

### III.  Conclusion

Accordingly, it is hereby ORDERED that Defendant Birchwood's Motion to Transfer or Dismiss [Doc. # 17] is GRANTED, and the case is hereby transferred to the District of Minnesota.

                                                                    s/ Nanette K. Laughrey
                                                                    NANETTE K. LAUGHREY
                                                                    United States District Judge

Dated:  March 28, 2011
Jefferson City, Missouri